## WILLIAM HARDIMAN, RESPONDENT, *v.* THE SOUTH CHARIOT MINING CO., APPELLANT.

FINAL JUDGMENT—APPEAL.—A judgment entered by the clerk of the district court in vacation is a final judgment.

APPEAL—JUDGMENT BY DEFAULT.—No distinction exists, as to the right of appeal, between judgments entered by default by the clerk, and those rendered after trial upon issues joined. An appeal lies from a judgment in either case within one year after its rendition or entry.

APPEAL from the second judicial district, Owyhee county.

*Brumback & Cahalan*, for the appellant.

Respondent made no appearance.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

This is an appeal from a judgment entered by the clerk of the district court of the second judicial district, in Owyhee county, in vacation, purporting to be on the default of the defendant for not answering the complaint, or in any manner appearing within the time prescribed by statute after service of summons. The case comes to this court to be reviewed upon the judgment roll, and the alleged error is that the district court had not, at the time of the entry of judgment, acquired jurisdiction of the defendant.

The complaint discloses that the defendant is a foreign corporation, doing business in Owyhee county, Idaho territory, and that the action is for the recovery of money for goods, wares, and merchandise alleged to have been sold and delivered by plaintiff to defendant.

It was held by this court, in the case of *Robbins* v. *Du Rell & Co.*, at the May term, 1866 (not reported), that an appeal would not lie to this court from the ministerial act of a clerk of the district court in entering a judgment by default; that such judgment was not final in the sense of the statute which allows an appeal to this court from the final judgments of the district courts; and we have considered that question for the purpose of determining whether we have jurisdiction of this appeal; and although there are some cases which support that theory, we can not discover

any force in the reasoning upon which it is based. Judgments entered by a clerk upon default, and those rendered by a court after a trial upon issues, are equally final judgments within the meaning of the statute concerning appeals. In the one case the clerk, acting ministerially, enters a judgment under the directions of the statute; in the other the court judicially renders such judgment as is warranted by the law; they are equally the final judgments of the law and of the court in which they are rendered. There is no distinction made by the statute in this respect, and it is not the province of the courts to make any. We therefore overrule that case.

Upon examination of the judgment roll for evidence of service of the summons upon the defendant, we find that there is nothing to show that such service was had or that the district court had in any manner acquired jurisdiction of the defendant; on the contrary, the certificate of the sheriff upon the summons shows, that after diligent search and inquiry he was unable to find any agent, cashier, or secretary of the defendant within his county, thus negativing the fact of jurisdiction.

That a judgment rendered without having first acquired jurisdiction over the person of the judgment debtor, is an absolute nullity, is too plain a proposition to admit of any controversy or require any argument.

The judgment of the district court is reversed with costs.